[S. F. No. 13138. In Bank.—July 15, 1930.]

ROBERT I. KERR, Respondent, v. M. MILATOVICH, Appellant.

Robert E. Hatch for Appellant.

A. H. Ricketts, W. H. Metson and G. K. Burgren for Respondent.

LANGDON, J.—This is an appeal by the defendant from a judgment in favor of the plaintiff in an action brought to quiet title to certain bars of gold bullion in the possession of the United States Mint at San Francisco. The plaintiff is the assignee of the interests of three corpora-

tions: Central Eureka Mining Co., Kennedy Mining & Milling Co. and Argonaut Mining Co., all of which own and operate gold mines in Amador County, near Jackson.

Appellant insists that the record does not contain sufficient evidence to support the judgment. However, a careful study of the testimony satisfies us that the judgment should be affirmed.

The relevant evidence consists chiefly of admissions of the defendant. Joseph T. Murphy, district attorney of Nye County, Nevada, testified that the defendant had stated to him that he had purchased the gold "from miners working the mines, the Argonaut, the Kennedy and the Central Eureka Mines in the vicinity of Jackson, Amador county, California." Leonard Schmidt, an agent of the United States Secret Service, testified that the defendant made a similar statement to him, and also that the defendant told him that he knew the gold was "high-graded." The expression "high-graded" is commonly used and understood among miners to mean the theft of ores from the mine. (*Atolia Min. Co.* v. *Industrial Acc. Com.*, 175 Cal. 691 [167 Pac. 148].) The defendant himself, in a sworn statement which was admitted into evidence, stated that he had purchased the gold "from miners working in the vicinity of Jackson, California," and further, that "Affiant has reason to believe that the gold bullion purchased in Jackson, Amador county, California . . . came from the mines in the vicinity of Jackson, Amador county, California, namely the Argonaut, Kennedy and Central Eureka; that affiant is without sufficient information at this time to state definitely or accurately the precise amount of the said gold bullion that came from any of the particular mines mentioned, or that it all came from the said mines." There was testimony, also, to show that none of the corporations had ever sold or given gold to any miners, and that such thefts were common.

Defendant urges that this sworn statement was inadmissible because it was not an admission of something which he knew of his own knowledge, but was itself based on mere hearsay. In this connection he cites the case of *Tofanelli* v. *United States,* 28 Fed. (2d) 581, where, in a trial for conspiracy to defraud the United States by depositing stolen ore in the mint, certain admissions of defendants were held to be based on hearsay and to be insufficient to support a

verdict of guilty. The distinction between civil and criminal cases with respect to the *quantum* of proof is, of course, well settled; and the issue in the case at bar is the ownership of the gold, irrespective of what persons might have been concerned with the theft of it.

Admitting, however, that certain parts of the defendant's sworn statement are mere expressions of opinion, and perhaps based on hearsay, he did, on several occasions, state positively that he had purchased the gold from miners working in the Argonaut, the Kennedy and the Central Eureka mines. When this is considered in connection with the testimony that no ore was ever sold to miners, and that thefts of ore were common, it cannot be said that the lower court had no evidence upon which it might reach the conclusion that the gold was stolen from the mines of the plaintiff's assignors.

There are no other questions involved upon the appeal and the judgment is affirmed.

Curtis, J., Seawell, J., Richards, J., Waste, C. J., and Shenk, J., concurred.

Preston, J., deeming himself disqualified, did not participate in the foregoing.